Slosson J.
It is impossible for the court to perceive, from *696 any thing stated in this petition, in what respect the discovery asked for can be material to the defence in these actions. It proposes a roving investigation into all the books, papers, and correspondence of the plaintiff during a period of some eight or nine months, relating to, or in which are contained entries in respect to pork contracts entered into by him during that period, not with the defendant, but with all or any persons whatever; and it is not even intimated that such discovery, if allowed, would disclose a single gaming or illegal contract. It asks also for the correspondence between the plaintiff and Nathan, the mutual agent of the plaintiff and defendant in effecting the contracts in controversy in these suits, without giving the dates of the letters or suggesting a single fact which the defendant is informed or believes such correspondence will disclose.
There is nothing asked for by way of discovery in this petition which cannot, if competent to be proved at all, be as well proved by the examination of the plaintiff himself, or of Nathan, or other witnesses.
The allegation that these books, papers, documents, and letters “relate to the merits of the actions” is wholly insufficient. The petition must show in what respect they relate to the merits, that the court may judge on that subject for itself.
There is no adjudged case upon which this motion can be sustained, and none that I have met with in which such a sweeping, roving search has been asked for at the hands of the court. (Stalker v. Gaunt, 12 Leg. Obs. 132; Davis v. Dunham, 13 Pr. R. 425; Com. Bk. Alb. v. Dunham, id. 541; Hoyt v. Am. Exch. Bk. 1 Duer, 652.)
The motion must be denied, with $10 costs.