BURT OLNEY, ·RESPONDENT, *v.* JOHN HATCLIFF AND JOHN HATCLIFF, JR., APPELLANTS.

*Practice — a party may be compelled to appear and be examined as to a fact denied in his pleadings — when the description of books and papers to be produced for examination is too vague and uncertain.*

In an action in which the plaintiff seeks to hold the defendants liable as partners for goods sold to them by him, the fact that the defendants deny in their answer the alleged partnership furnishes no ground for denying an application by the plaintiff to have them compelled to appear and be examined before trial.

An order requiring defendants to produce books and papers, if any there are
. touching the business relations of defendants, as between themselves and third parties, which refer to or would cover or include the purchase of the goods alleged to have been sold, is too vague and uncertain.

APPEAL from an order of the special county judge, refusing to vacate an order for the examination of defendants before trial and the production of books and papers, also from an order requiring such an examination and the production of books and papers. The action was brought to recover for ice which the plaintiff alleges had been sold to the defendants and for which they were liable to pay, as partners. The defendants denied the purchase and liability and the alleged partnership.

*E. O. Worden*, for the appellants.

*James P. Olney*, for the respondent.

HARDIN, P. J.:

We think the affidavit sufficiently states the nature of the action and the issue joined, and the necessity and materiality of the testimony of defendants. (Code of Civil Pro., § 872.)

That the defendants have denied the partnership alleged, or the liability alleged, furnishes no reason why they should not be examined at the instance of the plaintiff in respect to the same. (*Sweeney* v. *Sturgis*, 24 Hun, 162.) · In delivering the opinion in the case just cited, Judge GILBERT says "a denial in a pleading affords no exemption to the party who made the denial from being examined as a witness to *prove the fact denied*, for it is the denial only which renders such proof necessary."

*Second.* The affidavit is vague and indefinite as it seeks for an examination of any "books and papers," * * * if any such there are, touching the business relations of defendants as between themselves and third parties, which refer to, or would cover or include the purchase of said ice." * * *

The order is not clear and definite as to what books or papers should be produced, for it refers to "the books and papers" (if any such there are) mentioned in said affidavit, if same are in your possession or under your control. It is too vague and uncertain. (*N. E. Iron Co.* v. *N. Y. L. and Imp. Co.*, 55 How., 351; Rule 14; *Cassard* v. *Hinman*, 6 Duer, 695; *Morrison* v. *Sturges*, 26 How., 177; *Thompson* v. *Erie R. R. Co.*, 9 Abb. [N. S.], 212; *Walker* v. *The Granite Bank*, 19 Abb., 111.)

We think so much of the order appealed from as directs the

discovery of books and papers, and the order so far as it refuses to vacate that part of the original order, should be reversed, and the other part of the order appealed from should be affirmed.

So much of the orders as requires the production of books and papers reversed, and in other respects the orders are affirmed, without costs of this appeal to either party.

BOARDMAN and FOLLETT, JJ., concurred.

So much of the orders as required production of books and papers reversed, and in other respects the orders are affirmed, without costs of the appeal to either party.